# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ZICRON L. WRIGHT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV412-014 |
| | ) | |
| CHATHAM COUNTY,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Zicron L. Wright, awaiting prosecution on charges pending in Chatham County, filed a complaint challenging that prosecution in the United States District Court for the Northern District of Georgia. (Doc. 1.) That court construed the complaint as a petition brought pursuant to 28 U.S.C. § 2254 and transferred it here. (Docs. 2 & 4.) Since it is a pre-trial petition, it should likely have been treated as a petition pursuant

---

[1] Wright should have named his present custodian as respondent -- i.e., the prison's warden. *Rumsfeld v. Padilla*, 542 U.S. 426, 439-40 (2004) (immediate custodian is proper respondent); *United States v. Figueroa*, 349 F. App'x 727, 730 (3rd Cir. 2009); 39 AM. JUR. 2D HABEAS CORPUS § 93 ("because the writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds the prisoner in what is alleged to be unlawful custody, a district court acts within its respective jurisdiction within the meaning of the statute as long as the custodian can be reached by service of process."). It is unclear who his current custodian is, but it is of little importance here, since his case is due to be dismissed regardless of the custodian's identity.

to 28 U.S.C. § 2241, but it makes no difference since Wright has clearly failed to exhaust his available state court remedies as required under both provisions.

The Court **GRANTS** his IFP motion (doc. 8) but concludes his petition must be dismissed. Federal habeas petitions, whether filed under § 2254 or § 2241 must be exhausted. 28 U.S.C. § 2254(b) (codifying common law exhaustion requirement); *Wilkinson v. Dotson*, 544 U.S. 74, 79 2005) (all habeas corpus actions "require a petitioner to fully exhaust state remedies"); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies."). Under Georgia law, Wright's claim that he was arrested without probable cause or a warrant may be raised either during the state criminal proceedings or collaterally in a state habeas corpus action. *Harvey v. Corbin*, 2011 WL 4369828 at * 2 (S.D. Ga. Aug. 12, 2011). As in *Harvey*, Wright "has not alleged, and there is nothing in the record to suggest, that he filed a state habeas petition challenging his pre-trial detention." *Id.* Therefore, his petition should be **DISMISSED WITHOUT PREJUDICE** so that he may exhaust available state

remedies.

**SO REPORTED AND RECOMMENDED** this 7TH day of March, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA